# MEMO ENDORSED



*Attorneys At Law*

## GEORGE W. WRIGHT
## & ASSOCIATES, LLC

George W. Wright*
Narinder S. Parmar*

May 20, 2021

> Application **DENIED**. Defendant ABF may take a Fed. R.
> Civ. P. 30(b)(6) deposition of Plaintiff Solid State by **June
> 30, 2021**. Such deposition shall be limited to the issues
> raised in RFAs 9, 10, 31, and 35-37. The Court will not
> entertain any further briefing regarding the RFAs.
> **SO ORDERED.**
>
> Ona T. Wang          6/10/21
> U.S.M.J.

**VIA ECF**

Hon. Ona T. Wang, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   **Solid State Elevator Corporation v. ABF Freight System, Inc.**
      **Civil Action No. 20-cv-2419 (RA) (OTW)**

Dear Magistrate Wang:

We write on behalf of defendant ABF Freight System, Inc. ("ABF") pursuant
to the Court's May 12, 2021 Memo Endorsed Order (Doc. 39) in support of
ABF's motion pursuant to Fed. R. Civ. P. 36 for an Order deeming certain
matters admitted by plaintiff.

## I.   Summary of Relevant Discovery.

On October 7, 2020 ABF served a set of Requests for Admissions ("RFAs")
accompanied by a three-part supplemental Interrogatory directed to any
matters denied by plaintiff. Interrogatory part (A) requests plaintiff to set forth
all facts supporting any denial of an RFA.

ABF received plaintiff's initial RFA responses on or about November 25,
2020. The undersigned wrote to plaintiff's counsel on December 2 and 10,
2020 advising that plaintiff's Interrogatory (A) responses accompanying its
denials of RFA Nos. 9, 10, 31, 35-37 failed to state facts supporting plaintiff's
denials. On December 18, 2020 we sent an email letter to U.S. District Judge
Ronnie Abrams advising the Court of ABF's objections to plaintiff's responses
to RFA and Interrogatory (A) Nos. 9, 10, 31 and 35-37.

*New Jersey*
505 Main Street
Hackensack, NJ 07601
T 201.342.8884
F 201.343.8869

*New York*
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005
www.wright-associate.com

*Member NJ & NY Bars



*Attorneys At Law*

GEORGE W. WRIGHT
& ASSOCIATES, LLC

On January 6 and 15, 2021 we sent follow-up letters to plaintiff's counsel regarding its responses to RFA and Interrogatory (A) Nos. 9, 10, 31 and 35-37. Our January 15 letter confirmed our telephone agreement with plaintiff's counsel on that date that they would supplemental their RFA/Interrogatory responses as follows:

(A) **Nos. 9 and 10:**  Plaintiff would particularize any facts supporting its denial that plaintiff authorized its seller-consignor, Hollister-Whitney Elevator Corp. ("Hollister-Whitney"), to arrange for the interstate transportation of the shipment to plaintiff, or at least knew Hollister-Whitney would arrange the shipment.  Plaintiff's bare statements that plaintiff bought the machine from Hollister-Whitney are evasive and unresponsive;

(B) **No. 31:**  Plaintiff would particularize any facts substantiating its denial that its representative asked ABF's delivery driver to unload the subject elevator machine on delivery to the New York City destination construction site.  Plaintiff's bare statement that ABF's driver unloaded the freight is evasive and unresponsive; and

(C) **Nos. 35 -37:**  Plaintiff agreed to particularize any facts substantiating its denials that, prior to the shipment, plaintiff did not advise (i) Hollister-Whitney, (ii) Hollister-Whitney's involved freight broker GlobalTranz or (iii) ABF that plaintiff would incur a construction delay penalty to the building project owner.  Plaintiff's bare statements, "Delivery penalties are standard industry practice" are evasive and unresponsive.

On or about March 15, 2021, plaintiff served Supplemental Responses to ABF's RFA/Interrogatory (A) Nos. 9, 10, 31 and 35-37.  Plaintiff's March 15 Supplemental Responses, however, still fail to correct its previous evasive and unresponsive answers to Interrogatory (A).

In the parties' March 31, 2021 joint status report (Doc. 33) to the Court, ABF again set forth in detail its objections to the deficiencies in plaintiff's evasive responses to RFA/Interrogatory (A) Nos. 9, 10, 31 and 35-37.

Based on plaintiff's prolonged, repeated deficient answers to ABF's RFA/Interrogatory (A) Nos. 9, 10, 31 and 35-37 summarized in the attached



Attorneys At Law

GEORGE W. WRIGHT
& ASSOCIATES, LLC

Appendix, plaintiff should be deemed pursuant to Fed. R. Civ. P. 36(a)(6) to admit the following facts:

(1)   Plaintiff authorized its seller-consignor Hollister-Whitney to arrange for ABF's interstate transportation of the subject cargo and plaintiff actually knew that Hollister-Whitney would be arranging the transportation;

(2)   When ABF's delivery driver arrived with the shipment at the New York City destination construction site, a representative of plaintiff asked the driver to unload the subject elevator machine; and

(3)   Plaintiff did not give pre-shipment notice to Hollister-Whitney, Hollister-Whitney's freight broker GlobalTranz or ABF that plaintiff could incur a construction delay penalty to the project owner in connection with the subject shipment.

## II.   Rule 36 Case Authorities.

Fed. R. Civ. P. 36 (a)(6) provides, in relevant part:

> The requesting party may move to determine the sufficiency of an answer…. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

The courts have discretion under Rule 36 to deem requests for admissions admitted when a party's responses are insufficient and the party has had an opportunity to correct the deficiencies. Wiwa v. Royal Dutch Petroleum Co., 2009 U.S. Dist. LEXIS 45621, *18 (S.D.N.Y. 2009) ["If a court finds a response insufficient, 'the court may order either that the matter is admitted or that an amended answer be served'"]; M & T Mortg. Corp. v. Miller, 2008 U.S. Dist. LEXIS 70507, *11 (E.D.N.Y. 2008) ["As Better Homes has failed to undertake reasonable inquiries to enable it to admit or deny the requests at issue, notwithstanding that more than adequate opportunity has been provided for it to do so, [the] Requests [for admissions]… are also hereby deemed admitted by Better Homes"]; SEC v. Batterman, 2002 U.S. Dist. LEXIS 18556, *20 (S.D.N.Y. 2002) ["The Battermans' responses [to requests for admissions] plainly do not meet … [Rule 36(a)] requirements. If the Battermans now were permitted to respond to the RFAs, the Commission



Attorneys At Law

GEORGE W. WRIGHT
& ASSOCIATES, LLC

would be prejudiced because many of the responses are nonresponsive, and discovery has closed … Accordingly, the RFAs are deemed admitted"]; Baker v. David A. Dorfman, P.L.L.C., 2000 U.S. Dist. LEXIS 4893, *19 (S.D.N.Y. 2000) ["Finally, plaintiff would be prejudiced if defendants were now permitted to respond to plaintiff's requests for admissions, as the defendants' proposed responses are nonresponsive"].

Discovery has closed and plaintiff has had six (6) months to serve properly responsive answers to ABF's Interrogatory (A) supporting plaintiff's denials of RFA Nos. 9, 10, 31 and 35-37.  These facts weigh strongly in favor of the Court granting ABF an Order deeming plaintiff to admit the above RFAs for which plaintiff has shown no good faith reason for denying.

### III.  Conclusion.

Defendant ABF Freight System, Inc. respectfully submits that plaintiff should be deemed to admit the subjects of ABF's RFA and Interrogatory (A) Nos. 9, 10, 31 and 35-37.

We thank you for your attention and consideration.

Respectfully submitted,

George W. Wright

GWW:ds

cc.    Michael M. Rabinowitz, Esq. (Via ECF)
        Lisa A. Gutman, Esq. (Via ECF)

**APPENDIX TO ABF'S RULE 36 LETTER MOTION**

| ABF'S REQUESTS FOR ADMISSION AND INTERROGATORY | PLAINTIFF'S RFA/ INTERROGATORY RESPONSES (3/15/21) | ABF'S OBJECTIONS TO PLAINTIFF'S RESPONSES |
|---|---|---|
| **RFA No. 9:** SOLID STATE authorized Hollister-Whitney Elevator Corp. to arrange the interstate motor transportation of the subject shipment from Quincy, Illinois to New York City.<br><br>**Interrog. No. 9(A):** If SOLID STATE denies the truth of any of the above Request Nos. …, set forth with respect to each such denial:<br>(A)   The facts supporting plaintiff's denial… | **RFA No. 9 Resp.:**<br><br>Deny.<br><br><br><br><br>**Interrog. No. 9(A) Resp.:**<br><br>(A) Solid State purchased the subject goods from Hollister-Whitney Elevator Corp. | ABF's RFA No. 9 and Interrogatory (A) seek the facts supporting plaintiff's denial that it "authorized Hollister-Whitney Elevator Corp. to arrange the interstate motor transportation of the subject shipment." Plaintiff's continued *non sequitur* statement that it "purchased the subject goods" from Hollister-Whitney is evasive and unresponsive to RFA No. 9 because it fails to provide any factual basis for denying that it authorized Hollister-Whitney to arrange the transportation. |
| **RFA No. 10:** SOLID STATE knew prior to the transportation that Hollister-Whitney Elevator Corp. would arrange the interstate motor carriage of the subject shipment from Quincy, Illinois to New York City.<br><br>**Interrog. No. 10(A):** If SOLID STATE denies the truth of any of the above Request Nos. …, set forth with respect to each such denial:<br>(A)   The facts supporting plaintiff's denial… | **RFA No. 10 Resp.:**<br><br>Deny.<br><br><br><br><br>**Interrog. No. 10(A) Resp.:**<br><br>(A)   Hollister-Whitney Elevator Corp. sold the subject shipment to Solid State. | ABF's RFA No. 10 and Interrogatory (A) seek the facts supporting plaintiff's denial that it "knew prior to the transportation that Hollister-Whitney … would arrange the interstate motor carriage of the subject shipment." Plaintiff's continued *non sequitur* statement that it "purchased the subject goods" from Hollister-Whitney is evasive and unresponsive to RFA No. 10 because it fails to provide any factual basis for denying that it knew, prior to the shipment, that Hollister-Whitney would be arranging the transportation. |

APPENDIX TO ABF'S RULE 36 LETTER MOTION

| ABF'S REQUESTS FOR ADMISSION AND INTERROGATORY | PLAINTIFF'S RFA/ INTERROGATORY RESPONSES (3/15/21) | ABF'S OBJECTIONS TO PLAINTIFF'S RESPONSES |
|---|---|---|
| **RFA No. 31:** When the subject shipment was delivered by ABF FREIGHT's driver to SOLID STATE in New York City, a SOLID STATE representative asked the driver to unload the elevator machine that is the subject of this action.<br><br>**Interrog. No. 31(A):** If SOLID STATE denies the truth of any of the above Request Nos. …, set forth with respect to each such denial:<br>(A)   The facts supporting plaintiff's denial… | **RFA No. 31 Resp.:**<br><br>Deny.<br><br><br><br><br><br>**Interrog. No. 31(A) Resp.:**<br><br>(A)   ABF's driver unloaded the elevator machine that is the subject of this action. | ABF's RFA No. 31 and Interrogatory (A) seek the facts supporting plaintiff's denial that one of its representatives "asked the driver to unload the elevator machine" upon delivery.  Plaintiff's continued *non sequitur* statement that the driver "unloaded the elevator machine" is evasive and unresponsive to RFA No. 31 because it fails to provide any factual basis for denying that it *requested* ABF's driver to unload the machine.  Plaintiff references a notation in the Straight Bill of Lading issued by Hollister-Whitney's freight broker, Global Tranz, requesting use of the truck's liftgate for delivery, but the Bill of Lading notation is unresponsive to ABF's requests that plaintiff admit or deny its own delivery instruction to the driver and, if denied, set forth any facts substantiating an alleged lack of instruction. |
| **RFA No. 35:** Before the subject shipment was transported from Quincy, Illinois to New York City, SOLID STATE did not advise Hollister-Whitney Elevator Corp. that plaintiff could incur a delay penalty to the construction project owner.<br><br>**Interrog. No. 35(A):** If SOLID STATE denies the truth of any of the above Request Nos. …, set forth with respect to each such denial:<br>(A)   The facts supporting plaintiff's denial… | **RFA No. 35 Resp.:**<br><br>Deny.<br><br><br><br><br><br>**Interrog. No. 35(A) Resp.:**<br><br>(A)   Delay penalties are standard industry practice. | ABF's RFA No. 35 and Interrogatory (A) seek the facts supporting plaintiff's denial that it "did not advise Hollister-Whitney … that plaintiff could incur a delay penalty…."  Plaintiff's vague, evasive reference to "standard industry practice" is unresponsive to RFA No. 35 which seeks any specific, affirmative communication from plaintiff to Hollister-Whitney concerning a delay penalty in connection with the subject shipment. |

## APPENDIX TO ABF'S RULE 36 LETTER MOTION

| ABF'S REQUESTS FOR ADMISSION AND INTERROGATORY | PLAINTIFF'S RFA/ INTERROGATORY RESPONSES (3/15/21) | ABF'S OBJECTIONS TO PLAINTIFF'S RESPONSES |
|---|---|---|
| **RFA No. 36:** Before the subject shipment was transported from Quincy, Illinois to New York City, SOLID STATE did not advise GlobalTranz that plaintiff could incur a delay penalty to the construction project owner.<br><br>**Interrog. No. 36(A):** If SOLID STATE denies the truth of any of the above Request Nos. …, set forth with respect to each such denial:<br>(A)   The facts supporting plaintiff's denial… | **RFA No. 36 Resp.:**<br><br>Deny.<br><br><br><br><br><br>**Interrog. Resp. No. 36(A):**<br><br>(A)   Delay penalties are standard industry practice. | ABF's RFA No. 36 and Interrogatory (A) seek the facts supporting plaintiff's denial that it "did not advise GlobalTranz … that plaintiff could incur a delay penalty…." Plaintiff's vague, evasive reference to "standard industry practice" is unresponsive to RFA No. 36 which seeks any specific, affirmative communication from plaintiff to GlobalTranz concerning a delay penalty in connection with the subject shipment. |
| **RFA 37 No.:** Before the subject shipment was transported from Quincy, Illinois to New York City, SOLID STATE did not advise ABF FREIGHT that plaintiff could incur a delay penalty to the construction project owner.<br><br>**Interrog. No. 37(A):** If SOLID STATE denies the truth of any of the above Request Nos. …, set forth with respect to each such denial:<br>(A)   The facts supporting plaintiff's denial… | **RFA No. 37 Resp.:**<br><br>Deny.<br><br><br><br><br><br>**Interrog. Resp. No. 37(a):**<br><br>(A) Delay penalties are standard industry practice. | ABF's RFA No. 37 and Interrogatory (A) seek the facts supporting plaintiff's denial that it "did not advise ABF … that plaintiff could incur a delay penalty…." Plaintiff's vague, evasive reference to "standard industry practice" is unresponsive to RFA No. 37 which seeks any specific, affirmative communication from plaintiff to ABF concerning a delay penalty in connection with the subject shipment. |

A-3